BELKNAP <i>vs.</i> REINHART and DEITZ.

ERROR on certiorari.   In March, 1824, Reinhart and Deitz commenced a suit before a justice against Belknap, claiming to recover of him $30 as a reward for apprehending, in 1820, one Peter Syble, a deserter from the army of the United States. In 1820 Syble was apprehended by the plaintiffs as a deserter, taken to Greenbush, (then a military post,) and delivered to the defendant, who acted as a captain in the army of the United States.   The defendant, being informed that Syble was a minor, told the plaintiffs that if Syble was a minor when he enlisted, he would not pay them the reward which had been offered for his apprehension; but if after trial, Syble should be retained in service, he would pay them, or see them paid, for apprehending him.   Syble was tried by a

An action will not lie against an officer of the army, on his promise to pay a reward offered for the apprehending a deserter, he acting in his official capacity, and as an agent of the government.

court martial, and retained in service. It was proved that by the rules and articles of war, *quarter-masters* only are authorized to pay rewards for apprehending deserters, and that other officers are not allowed in their accounts for monies expended by them in such service. The justice gave judgment against the defendant for $30, and the costs of suit; to reverse which, a certiorari was brought.

*L. H. Palmer*, for plaintiff in error.

*J. Jenkins*, for defendants.

*By the Court*, MARCY, J. The service performed by the plaintiffs, for which they recovered a judgment in the court below, was not, it is very obvious, for the individual benefit of the defendant. The apprehending a deserter from the army of the United States, is an act in presumption of law beneficial to the United States, but not so to any particular officer in the service. It is contended, however, in support of the judgment below, that the defendant, in making the promise to the plaintiffs, did not act expressly or ostensibly for the United States, and therefore, upon the principle of the case of *Swift* v. *Hopkins*, (13 *Johns. R.* 313,) the promise of the defendant is to be regarded as a private contract, and he liable to the plaintiffs for the non-fulfilment of it. The facts do not warrant this position. The plaintiffs knew that the services which constituted the consideration for the undertaking, were performed for the use and benefit of the United States. The defendant, at a military post of the United States, acting as an officer, received from the plaintiffs a deserter from the army. In doing so, he acted as an agent of the U. States, and besides, the very promise or engagement that he made, implied that he acted as such agent. The testimony leaves it in some doubt what was the precise undertaking, but I think it does not authorize us to say that he made an absolute promise to pay, if the deserter should be retained. His promise was that he would pay the plaintiffs, or see that they were paid.

It is sufficiently clear from the testimony, that whatever the defendant did was done in his official capacity as an officer

of the army, and whatever he promised, he promised as an agent of the United States, and he therefore is not liable to the plaintiffs on the contract made by him as such agent. (*Hodgson* v. *Dexter*, 1 *Cranch's Rep.* 345.) There is no proof that the deserter was apprehended at the special request of the defendant, or that the service was done on his personal responsibility.

I cannot agree that the delivery of the deserter to the defendant constitutes, as is urged on the part of the plaintiffs, the consideration of the promise on which the suit is brought. This allegation is entirely unsupported by the evidence, and directly repelled by the declaration of the plaintiffs. They declare expressly for the reward due to them, for apprehending Syble the deserter. The undertaking of the defendant, whatever it was, whether to pay the reward which the plaintiffs claimed, or to see that they were paid, was a promise in relation to a pre-existing debt or demand due from the United States, and was, as respects him, without consideration. It was therefore void.

Judgment reversed.