ELISHA CROWELL *v.* SILAS CRISPIN.

An officer of the Government is not responsible upon a contract made by him officially, in the discharge of his public duties, unless he expressly engages to be answerable, or the circumstances are such as to show that he intended to bind himself personally.

He is not bound, even in cases where, by the terms of the contract, he would be, if the agency were one of a private nature, the reason being that it is not to be presumed that a public officer intends to bind himself personally when acting as a public functionary, or that the party dealing with him in matters relating to his public duties means to rely upon his individual responsibility.

The captain of a vessel lying at New Orleans, received on board his vessel, from the Mississippi Valley Transportation Co., who had brought them from the United States arsenal at St. Louis, goods consisting of saddles, muskets, carbines, pistols, arms and accoutrements, consigned to the defendant, an officer of the ordnance corps of the United States army, at the Continental stores, Brooklyn (a storehouse for goods belonging to the United States). The goods were landed under the supervision of superintendent of the ordnance department, were taken away in carts at the dock under the direction of the armorer, and were received by a clerk at the Continental stores. By defendant's direction, a bill for the freight was made out to the United States, and was partly paid by the ordnance department. *Held*, that the facts being sufficient to inform the plaintiff that the goods belonged to the United States, and that the defendant was merely an officer in its service, the defendant could not be made liable, personally, for a balance due for the freight.

APPEAL from a judgment of the general term of the Marine Court, reversing a judgment at a trial term of that court in favor of the plaintiff.

This action was brought by the plaintiff, part owner and agent for the other owners of the brig Josie A. Devereux, to recover the freight on a quantity of guns and pistols from New Orleans to the Continental stores in Brooklyn. The complaint alleged that the goods were transported and delivered to defendant, and that he received them, and agreed to pay the freight.

The answer set up two defenses: 1. A general denial, and 2. That defendant was an agent for the United States, and on its behalf, and as its agent, received the arms in question; that all the acts which he did in relation to the matter were done by him on behalf of his principal, and that he never promised to pay the freight.

On the trial the facts appeared as stated in the opinion, and plaintiff had judgment, which was reversed by the Marine Court at general term, and plaintiff appealed to this court.

*Starr & Ruggles,* for plaintiff, appellant.

I. The only question is, what is the intention of the contracting parties, and this must be collected from the circumstances of the case (*Walker* v. *Swartwout,* 12 Johns. 443; *Gill* v. *Brown,* Id. 385; *Sheffield* v. *Watson,* 3 Caines, 69). It is the duty of an agent to disclose the character in which he acts.

II. In all the cases where public agents have been exonerated from personal liability, their public official character has been disclosed, and to avoid personal liability, any agent, whether public or private must declare his agency (*Rathbon* v. *Budlong,* 15 Johns. 1; *Bronson* v. *Woolsey,* 17 Id. 46; *Olney* v. *Wickes,* 18 Id. 121; *Fox* v. *Drake,* 8 Cow. 191; *Belknap* v. *Reinhart,* 2 Wend. 375; *Macbeath* v. *Haldiman,* 1 Term R. 172; Paley on Agency, 376).

III. Where such agency is not disclosed, it may be presumed, fairly, that the credit was given to him personally (Story on Agency, § 306).

*W. Stanley*, for respondent.

I. The defendant was an agent for the Government, the principal in the transaction, and there is no ground for charging the defendant with the debt, in relation to which he acted solely as agent. The plaintiff's remedy is against the United States (*Rathbon* v. *Budlong*, 15 Johns. 1; *Walker* v. *Swartwout*, 12 Id. 444; *Bronson* v. *Woolsey*, 17 Id. 46; *Olney* v. *Wickes*, 18 Id. 121; *Hodgson* v. *Dexter*, 1 Cranch, 345; *Fox* v. *Drake*, 8 Cow. 191; *Belknap* v. *Reinhart*, 2 Wend. 373).

II. A public agent is not personally liable on contracts made by him in the discharge of his public duties, unless it appears that he intended to bind himself (*Osborne* v. *Kerr*, 12 Wend. 179; *Nichols* v. *Moody*, 22 Barb. 611). In relation to public agents, no implied promise can be presumed (*Nichols* v. *Moody*, 22 Barb. 611).

By the Court.*—Daly, Ch. J.—An officer of the Government of the United States is not responsible upon contracts made by him officially in the discharge of his public duties, unless he expressly engages to be answerable, or the circumstances are such as to show that he intended to bind himself personally (*Nichols* v. *Moody*, 22 Barb. 611; *Walker* v. *Swartwout*, 12 Johns. 444; *Belknap* v. *Reinhart*, 2 Wend. 375; *Hodgson* v. *Dexter*, 1 Cranch, 345; *Girley* v. *Lord Palmerston*, 3 Brod. & B. 275; *Macbeath* v. *Haldiman*, 1 T. R. 171). He is not bound even in cases where, by the terms of the contract he would be, if the agency were one of a private nature, the reason being that it is not to be presumed that a public officer intends to bind himself personally when acting as a public functionary or that the party dealing with him in matters relating to his public duties, means to rely upon his individual responsibility (Story on Agency, § 302, and cases there cited; 2 Kent's Com. pp. 632, 633, 4th ed.).

All that appears in respect to the contract in this case, is what is disclosed upon the face of the bill of lading; the fact that the property had been stored in the United States arsenal

---

* Present, Daly, Ch. J., Larremore and J. F. Daly, JJ.

of St. Louis, and that the freight claimed by the plaintiff, was for the transportation of it from St. Louis to New Orleans by railroad, and from thence by the plaintiff's vessel, to the city of Brooklyn. The bills of lading contain an enumeration of the contents of each box, showing that the property consisted of saddles, muskets, carbines, pistols, arms and accoutrements, and in the plaintiff's bill for the freight, it is described as consisting of ordnance stores and saddles, which, in view of the place from which it came, the United States arsenal of St. Louis, was a very clear indication from the beginning, to the plaintiff or his agents, that it was property belonging to the United States; the more especially as each box was marked, " Col. S. Crispin, Continental Stores, Brooklyn," which, as was shown by the evidence, was a storehouse for goods belonging to the United States.

It was proved upon the trial that the defendant was a major, with the rank of brevet-colonel in the ordnance corps of the United States army, and the property transported was not his individual property, but was the property of the United States. It does not appear that he ever saw the bill of lading; all that was proved being that, when called upon for the freight (whether before or after the delivery of the property from the vessel did not appear), he directed the plaintiff to make out his bill in the manner in which it was made out and presented for payment to the chief clerk of the United States ordnance agency in this city; that is, as follows:

" Col. Crispin :

" U. S. Ordnance Department, UNITED STATES, to brig Josie Devereux and owners.

" E. CROWELL, Agent for brig, &c.

" 1869, Feb'y 20, for freight, &c., &c."

The greater part of the bill was paid; in fact, nearly the whole of it but $487, which was refused on the ground that the report from the storehouse declared that a number of the pistols were short, not being delivered, the boxes being in bad order. An amount sufficient to cover the loss was deducted from the freight, and the residue of the bill was paid, and it was for the recovery of this amount, as upon his personal contract, that the defendant Col. Crispin was sued in the court below.

Crowell v. Crispin.

Upon this state of facts, and this was all that appeared, there was not the slightest ground for holding the defendant responsible for the payment of this freight. There was nothing but the fact that he was named in the bill of lading. The moment his attention was called to the claim for the freight, he directed the bill to be made out against the United States, and the plaintiff complied with that direction and presented it, so made out, to the officer of the United States who was authorized to pay it, and who did pay the principal part of it.

By no act of the defendant, or any one acting on his behalf, or by his authority, did he ever do or say anything indicating any intention to be personally responsible for the payment of this freight, or which would warrant the plaintiff in acting upon the assumption that the defendant was or would be personally answerable. If the master had refused to deliver the goods and part with his lien upon them for the freight unless he was paid, and the defendant had led the master or owner to do so, by promising to pay it himself, it would have been a very different matter. But nothing of this kind appeared. The goods were not in fact delivered to him directly; they were landed under the supervision of the superintendent of the ordnance department, were taken away in carts at the dock, under the direction of the armorer, and were received by a clerk at the Continental store, whose duty it was to receive stores. The defendant was probably the officer in command at the stores, but beyond that, and the fact that the property was consigned to him by name, to be delivered at the Continental stores, and that he directed the bill for the freight to be made out against the Government, he had nothing to do with their delivery. If the plaintiff, therefore, parted with his lien by the delivery of the goods, it was his own voluntary act, or that of his agents, and he has no right to hold the defendant answerable because he lost his lien by delivering the property. He must look to the Government of the United States for the payment of the balance of his bill, and cannot recover it against the defendant. The judgment of the general term of the Marine Court should be affirmed.

Judgment affirmed.