J. L.. SMITH v. WILLIAM HAYNES.

*Witness—Parol Evidence—Contract.*

In 1860, the plaintiff signed a note payable to defendant (at defendant's request) as accommodation paper, and upon his promise to protect him (plaintiff) from liability ; defendant raised the money upon the note by an endorsement to a third party who collected the amount out of plaintiff, and the plaintiff thereupon sued defendant to recover the same ;

*Held.* that the plaintiff is a competent witness in his own behalf to prove the fact that he signed in the character of a surety to defendant.

*Held further*, that the act of 1879, ch. 183, does not apply, that act being only to forbid the introduction of testimony of parties in interest to rebut the presumption of payment raised by time.

*Held also*, that parol evidence is admissible to prove the contract between the principal and surety upon a note, being a collateral contract not necessarily appearing on the face of the instrument.

(*Wharton* v. *Woodburn*, 4 Dev. & Bat., 507 ; *Thornton* v. *Thornton*, 63 N. C., 211 ; *Mendenhall* v. *Davis*, 72 N. C., 150 ; *Love* v. *Wall*, 1 Hawks, 313, cited and approved.)

CIVIL ACTION tried on appeal at December Special Term, 1879, of HAYWOOD Superior Court, before *Graves, J.*

This action was commenced before a justice of the peace in the county of Haywood. The plaintiff alleged in his

complaint that he had paid the amount sued for, as surety for the defendant under the following state of facts: The defendant requested the plaintiff to sign an accommodation note for him to enable him to raise some money by selling the note to James Parks; that he agreed to do so upon the defendant's promising him that he should not be troubled about the matter, and never have the money to pay; that the note was brought to him for his signature while he was deeply engrossed with his business as clerk of the court, and he signed it without noticing that the note was payable to defendant; that Parks, the payee, brought an action on the note and he was compelled to pay the sum of forty-five dollars and eighty-one cents.

The note signed by the plaintiff which he was forced to pay, was as follows, to-wit: "Six months after date we or either of us promise to pay William Haynes twenty-one dollars and thirty-four cents for value received of him. Witness our hands and seals, this 27 of March, 1860.

(Signed)      L. D. RUSSELL, [seal.]<br>J. L. SMITH, [seal.] "'

And endorsed as follows, "pay the within note to James Parks, (signed) William Haynes."

On the trial before the justice the defendant, Haynes, denied all the allegations of the plaintiff's complaint, but the defendant, Russell, made no defence, and judgment was rendered in favor of the plaintiff against both the defendants, from which judgment the defendant, Haynes, alone appealed. And on the trial in the superior court, the case was submitted to a jury, who found all issues in favor of the plaintiff. Upon which verdict there was judgment and the defendant appealed.

The plaintiff was not represented in this court.

*Messrs. G. S. Ferguson, W. H. Malone* and *J. H. Merrimon* for defendant.

29

ASHE, J.  The only exception taken by the defendant on the trial was to the competency of the testimony of Russell and the plaintiff, who were offered on the part of the plaintiff, to show that the plaintiff had signed the note as surety and for the accommodation of the defendant.  But His Honor overruled the objection and allowed the evidence to be introduced.  The defendant contends that the testimony of the plaintiff had been made incompetent by the act of 1879, chapter 183, and that of the witness, Russell, was also incompetent because it explained a written contract.

The testimony of both the witnesses was properly admitted.  The act of 1879 referred to, has no application to a case of this kind.  It had reference only to actions founded on judgments and bonds under seal, rendered or executed before the first of August, 1868, the purpose of which act was, to prevent the presumption of payment arising after the lapse of ten years, upon such judgments and bonds, from being rebutted by the testimony of the plaintiff in the action.

The other ground of the exception is equally untenable.  It is conceded that it is a general rule of law that parol evidence cannot be admitted to contradict, add to, subtract from, or vary the terms of a written contract.  "But it is to be recollected that the contract between the principal and surety, though it may be inferred from the nature of the security given to the creditor, is not contained therein, nor evidenced thereby, but is a collateral contract, usually a parol one, which may therefore be shown by any competent and satisfactory evidence."  *Wharton* v. *Woodburn*, 4 Dev. & Bat., 507.  See also the cases of *Thornton* v. *Thornton*, 63 N. C., 211; *Mendenhall* v. *Davis*, 72 N. C., 150; *Love* v. *Wall*, 1 Hawks, 313; Dan'l Neg. Inst., § 1336.

There is no error.  Judgment will be rendered here for the plaintiff.

No error.                                        Affirmed.