JESSE JONES v. R. M. HENRY and another.

*Evidence— Witness.*

1. In a suit on a bond it is competent to show by a memorandum on the docket of the court that the defendant admitted its execution, even though there be a subscribing witness.

2. And where there is no proof to sustain an allegation in defendant's answer that a certain lunatic owned the bond, evidence of the declarations of such lunatic in regard thereto was properly excluded.

3. Under the act of 1879, ch. 183, a party to an action on a bond executed prior to the first of August, 1868, is an incompetent witness to maintain or defend the suit.

(*Austin* v. *Rodman,* 1 Hawks, 71; *Smith* v. *Haynes,* 82 N. C., 448; *Tabor* v. *Ward,* 83 N. C., 291, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of JACKSON Superior Court, before *Gilmer, J.*

The action was brought to recover from the defendants, R. M. Henry and Marcus Erwin, as obligors, the amount of a single bill alleged to be executed by them to the plaintiff for the sum of four hundred and forty dollars, due twelve months after date, with interest from date, and dated March 18th, 1857. Its execution was witnessed by Z. B. Vance. There are two credits endorsed on the bond of one hundred dollars each, on the 18th day of March, 1867.

The defendants denied the execution of the bond, insisted that it had been paid to one Thomas, who owned the same, at the time the payments were made, and set up as a further defence a counterclaim for more than the amount of the bond due them for professional services rendered the said Thomas, while the bond was his property. There was a replication to the several answers of the defendants.

The issues raised by the pleadings were submitted to a jury, and on the trial the plaintiff offered in evidence the following memorandum made by the clerk at spring term, 1878: " Jesse Jones *v.* R. M. Henry and Marcus Erwin, continued; and the defendants admit the execution of the bond sued upon. Leave granted the defendants to amend their answer as of the present term." This evidence was excepted to by the defendants on the ground that they had no knowledge of such a memorandum as they denied the execution of the note, and on the further ground that it was a memorandum not signed by the defendants or their attorneys, nor by the judge presiding, and not legal proof of the note, and therefore incompetent evidence. His Honor overruled the objection, and after reading the memorandum and note the plaintiff closed his case.

The defendants then offered to prove by the testimony of R. M. Henry, one of the defendants, that the note was at one time the property of Wm. H. Thomas, and while his

property or in his possession, he actually paid it, and offer-
ed further to prove by said Henry that the plaintiff was not
the owner of the note when this action was brought.   The
defendants further offered to prove by J. W. Terrell, a dis-
interested witness, the declarations of W. H. Thomas that
the note was paid, Thomas being in the Insane Asylum.
The plaintiff objected.   The objection was sustained and
the defendants excepted.

The jury found all the issues in favor of the plaintiff and
there was judgment for the plaintiff, and the defendants ap-
pealed.

No counsel for plaintiff.

Messrs. C. A. Moore, T. F. Davidson, Battle & Mordecai and
F. A. Sandley, for defendants.

ASHE, J.   The exception of defendants to the admission
of the memorandum as evidence of the execution of the
bond was not well taken.   As no objection was made in the
court below that the memorandum was not upon the docket,
we must presume that it was there entered, and being en-
tered, it must be regarded as having been entered with the
consent of the parties or their counsel, under the sanction of
the court.   This presumption is supported by the fact that
the memorandum of the admission of the execution of the
bond is entered in connection with, and inserted between
two orders of the court, which must certainly have consti-
tuted a part of the record of the case, namely, the order of
continuance and the leave to defendants to amend their
answer.   These were entries such as are commonly made in
a cause and are according to the practice of the court; and
it is not necessary that they should be signed by the pre-
siding judge.   Entries like this memorandum upon the
records of a court are not unusual where defendants sued
for a large debt, to get time, are desirous for a continuance
and willing to take one upon terms; or, when apprehensive

of an adverse decision to avoid the expense of the attendance of a witness residing at a distance, admit upon the record the execution of the instrument sued on. It was a private memorandum of the clerk; he had the power and it was his duty to strike it from the docket, or if it was a part of the record unauthorized or entered irregularly upon the docket, it was incumbent upon the defendants to move to have it expunged therefrom; but so long as it remains upon the docket it must be deemed as having the force and effect of a record, and conclusive. If it was a mere private memorandum or an unauthorized entry, that fact on a motion to strike it out could have been proved by the affidavits of the clerk and the parties. *Austin* v. *Rodman*, 1 Hawks, 71. The very fact that no such motion was made is strongly corroborative of the presumption that the entry was regularly made with the consent of the parties or their attorneys.

But the defendants insist that even if the memorandum is all right, it is incompetent for the purpose for which it was offered; for the execution of a bond can only be proved by the subscribing witness when there is one, and that the admission or confession of the obligor is not sufficient. As a general rule this proposition is no doubt correct, but there are exceptions. The first relaxation of the rule we have found in this country is in the case of *Hall* v. *Phelps*, 2 Johnson Rep. 451, which was an action on a promissory note. And Justice SPENCER in that case says, " the confession of a party that he gave a note or any instrument precisely identified is as high proof as that derived from a subscribing witness. The notion that those who attest an instrument are agreed upon to be the only witnesses to prove it, is not conformable to the truth of transactions of this kind, and to speak with all possible delicacy is an absurdity;" and in the case of *Henry* v. *Bishop*, 2 Wendell, 375, Chief Justice SAVAGE, while adhering to the general rule said, it always appeared to him as an absurdity; and in *Fox* v. *Reel*, 3 Johns

476, which was an action upon a bond, Chief Justice KENT, speaking for the court said he concurred in the decision of *Hall* v. *Phelps*, from a sense of the great inconvenience of the English rule when applied to commercial paper, but that the court was concluded by the ancient and uniform rule, where the defendant has not acknowledged his deed before a competent public officer, *or has not expressly agreed to admit it in evidence* upon the trial. This is a distinct recognition of the exception when the execution is admitted for the purpose of the trial. In *Abbott* v. *Plumbe*, Doug. 216, where it was proved that the obligor acknowledged that he owed the debt and it was objected that the subscribing witness ought to have been called, LORD MANSFIELD considered the objection as captious, and that it was a mere technical rule which required the subscribing witness to be produced. And in the case of *Smaitle* v. *Williams*, 1 Salk. 280, the court of King's Bench held, that the acknowledgment of a deed by the party in a *court of record* was good evidence of the execution of the deed, and such an acknowledgment estopped the party from relying upon the plea of *non est factum.* Upon these authorities we are of the opinion the admission of the memorandum as evidence was not erroneous.

The exception to the ruling of His Honor in excluding the testimony of the witness, Terrell, as to the declarations of W. H. Thomas cannot be sustained. For while it is admitted to be law, that the declarations of a deceased person or a lunatic, not a party to the action, are admissible, where they have been made against his interest, as between third parties, the principle is not applicable to the facts of this case. Here, there was no proof that Thomas had ever been the owner of the note and his declarations as to the payment of it, therefore, when made, could not have been against his interest. It is true it was alleged in the answers that Thomas had once owned the note, or had possession of

it for the purpose of collection, but there was no proof to sustain that averment. An offer was made to prove that fact as well as the payment of the bond and the counter-claim set up in the answer by the defendant, R. M. Henry, but upon objection his testimony was ruled out by the court, and this ruling forms the ground for another exception taken by the defendants. The bond sued on having been executed prior to the first of August, 1868, the defendant, R. M. Henry, was an incompetent witness to prove those facts. The act of 1879, chapter 183, declares that no person who is a party to a suit now existing, or which may here-after be commenced in any court in North Carolina, that is founded on any bond under seal for the payment of money, executed previous to the first day of August, 1868, shall be a competent witness. He is made incompetent for any pur-pose on the trial of the action upon such a bond. The case of *Smith* v. *Haynes*, 82 N. C., 448, relied upon by the defend-ants, in support of the exception, does not sustain the posi-tion. That was not an action brought upon a bond, but a suit by a surety to recover money paid by him to the use of the principal obligor of the bond. Such a case does not come within the purview of the statute. As was said in that case, we have no doubt the leading purpose of the legislature in passing the act of 1879 was to prevent the presumption of payment arising after the lapse of ten years upon such bonds and judgments from being rebutted by the testimony of the parties to the action, but the act is broad and explicit in its terms, and must be construed to make a party to an action on such a bond incompetent as a a witness on a trial to maintain or defend the action. *Tabor* v. *Ward*, 83 N. C., 291.

There is no error. The judgment of the court below must be affirmed.

No error.                                            Affirmed.