This was an action to recover damages against the defendant Dare Lumber Company for breach of contract, and further seeking as to the other defendants, the Metropolitan Life Insurance Company and the Metropolitan Trust Company to have the judgment therefor declared a prior lien upon the property of the Dare Lumber Company over any lien claimed by said last two defendants by reason of an alleged deed in trust executed by the Dare Lumber Company to them to secure certain bonds.
The plaintiff alleges that it made a written contract with the Dare Lumber Company 18 August, 1919. The Plaintiff contends that this contract was made in good faith and valid, and said company, through its receiver and officers, made preparations to carry out said contract, as it was able to do, but subsequently committed a breach thereof, and plaintiff was ready and willing at all times to perform its part of said contract. It demanded judgment against the Dare Lumber Company for damages, and that any judgment which might be recovered against the same should have priority over any alleged lien claimed by the Metropolitan Life Insurance Company arising out of the deed and trust thereto.
The trial judge being of the opinion that no evidence had been offered tending to show the execution of the contract, entered a judgment of nonsuit, and plaintiff appealed.
Aydlett Simpson, Conlen, Acker, Manning Brown, and(238) Small, MacLean Rodman for plaintiff.
J. C. B. Ehringhaus for Dare Lumber Company.
Frank Ewing, W. A. Worth, and Meekins McMullan for defendantsMetropolitan Trust Company and Metropolitan Life Insurance Company.
This is an appeal by plaintiff from a judgment of nonsuit at the close of its testimony. The action was brought against the Dare Lumber Company, alleging that on or about 18 August, 1919, the plaintiff entered into a certain contract in writing, a copy of which *Page 251 
is marked Exhibit "A," and attached to the complaint; that the plaintiff was ready, able, and willing to perform, but that defendant Dare Lumber Company breached said contract and asked judgment for damages. There were additional allegations in regard to the other defendants.
The Dare Lumber Company, in its answer, while admitting the signatures of Williams and Moloney to said instrument, specifically denies that they were officers of the Dare Lumber Company at the time of signing, and also denies that they or the receiver McCall were authorized to execute such paper for and in behalf of said company.
The witness M. G. Wright testified that George V. S. Williams was the secretary of the Dare Lumber Company; that he saw Williams sign the paper and put the corporation seal on it; that Williams carried it into a room on the door of which was Moloney's name, and he came out with the paper signed as recited therein.
Exhibit "a" is a copy of the agreement in question, and at the bottom there is this recital: "In witness whereof, the parties hereto, by their proper officers, have hereunto set their hands and seals, the day and year above written. Dare Lumber Company, by William. R. Moloney, President (Seal.) Attest: George V. S. Williams, Secretary. Henrico Lumber Company, Inc., by Eugene W. Fry, President (Seal.) Attest: Melville G. Wright, Secretary.
In the fourth section of the complaint the plaintiff alleged the execution of the contract in writing, a copy of which was attached marked Exhibit "A," and introduced a portion of the fourth section of the defendant company's answer as follows: "That on or about 18 August, 1919, as it is informed and believes, a paper-writing substantially in the form of Exhibit "A" was signed by the parties, whose signatures were thereto appended."
An instrument is admissible without proof by attesting witnesses where its authenticity is admitted in the pleadings of the party to be charged therewith. 22 C. J. 937; Jones v. Henry, 84 N.C. 320; Smith v. Gale,144 U.S. 509.
In unattested instruments any competent proof of execution is admissible. A deed with no subscribing witnesses may (239) be proved by the handwriting of the grantor. Black v. Justice,86 N.C. 504. "Although reasonable certainty in proof of the genuineness and authenticity of an instrument offered in evidence should be required, it is not necessary that proof be conclusive, but a prima facie showing that the instruments is genuine and authentic is sufficient to warrant its reception." 22 C. J. 934, sec. 1161; Watson v. R. R.,164 N.C. 176. If there be any evidence tending to show the execution of the *Page 252 
instrument, it is proper for the court to submit it to the jury, and they alone are to decide upon the weight of the testimony.
The fact that the common seal of a corporation is affixed to an instrument is prima facie evidence that it was so affixed by proper authority. Clark v. Hodge, 116 N.C. 763. In this case additional evidence bearing upon the execution of the contract was shown by M. G. Wright, who testified that George V. S. Williams was the secretary of the Dare Lumber Company; that his signature to the contract was genuine; that he affixed the seal of the corporation with the name of Moloney signed thereto.
In sections 3, 4, and 5 of their answer, the Dare Lumber Company admitted the execution of the contract, and admitted that McCall, the receiver, controlled the elections, that he elected the officers; that the parties whose names are signed to Exhibit "A" executed said contract, and, also, that the defendant Dare Lumber Company partially performed the contract. We think that there was evidence sufficient to be submitted to the jury on the authenticity of the contract, and that the judgment of nonsuit should be reversed.
As the right of action against the other defendants was dependent upon the admission of the contract alleged to have been executed by the Dare Lumber Company, the nonsuit cut off the tap-root, and the case should be reinstated as to them as well as in regard to the Dare Lumber Company.
The judgment of nonsuit must be set aside as to all the defendants.
Reversed.
(240)