PIEDMONT CATTLE CREDIT COMPANY v. CARL W. HALL, JR.

No. 7715SC50

(Filed 16 November 1977)

**Assignments § 1— sale of cattle—debt assigned—sufficiency of evidence—assignment not for collection only**

In an action to recover a debt allegedly due for the sale of cattle to defendant, evidence was sufficient to support findings by the trial court that there was absolute assignment to plaintiff of defendant's account for consideration where the evidence tended to show that defendant did in fact owe $18,200 to assignor for cattle; a document purporting to be an assignment of defendant's account with assignor was properly authenticated; and the assignment contained no words indicating an intent that the assignment be for collection only, but instead demonstrated that the intent was to "sell and assign . . . the accounts owed by [defendant] and any and all rights of suit and collection thereon."

APPEAL by defendant from *Preston, Judge.* Judgment entered 6 April 1976 in Superior Court, CHATHAM County. Heard in the Court of Appeals 25 October 1977.

This is a civil action wherein plaintiff, Piedmont Cattle Credit Company, instituted suit to recover a debt allegedly due for the sale of cattle to defendant. Defendant in his answer admitted to a debt of $10,202.81 for previous purchases of cattle but denied the purchase and receipt of 28 cows on 28 November 1971.

The case was tried without a jury and the court entered findings of fact as follows:

Carolina Cattle Company (hereinafter "Carolina"), a cattle sales business, is located in Siler City, North Carolina. B. Zaitz & Sons (hereinafter "B. Zaitz") is a cattle dealer in New Jersey, who on 26 November 1971, shipped a truckload of cattle to Carolina for display and sale. The cattle were owned by B. Zaitz and Kenneth G. Stults and Betty Zaitz, trustees. On 27 November 1971 defendant observed the cattle at Carolina and selected 28 cows for purchase at $650.00 per cow. The sale was consummated by

Max Zaitz, an agent of the owners, and the 28 cows were delivered to defendant on 28 November 1971. In August of 1973 defendant auctioned his entire herd and went out of business.

Plaintiff, Piedmont Cattle Credit Company (hereinafter "Piedmont"), is a North Carolina corporation in the business of financing the purchase of dairy cows and purchasing accounts for such sales. In 1972 the trustees sold and assigned the defendant's account to Piedmont.

On the basis of these findings the court concluded that "[d]efendant is indebted to plaintiff in the sum of $18,200.00 with interest from November 28, 1971 at the rate of six percent per annum, said interest being in the sum of $4,765.23 as of April 6, 1976;" and ordered "that plaintiff have and recover of defendant the sum of $22,965.23 and the cost of this action . . . ." Defendant appealed.

*Boyce, Mitchell, Burns & Smith by G. Eugene Boyce and James M. Day for plaintiff appellee.*

*Thigpen & Hines by C. Wells Hall III and Bryant, Groves & Essex by Alfred S. Bryant for defendant appellant.*

HEDRICK, Judge.

The following finding of fact made by the trial judge is critical to all questions raised on this appeal:

"9. Trustees in 1972 as owner of the account due from defendant, for consideration, sold and assigned said account to the plaintiff herein. The assignment of the account was later acknowledged in writing by the assignor (Trustees) and assignee (plaintiff, Piedmont) and also by the defendant on October 23, 1974."

By assignments of error numbers 1, 2, 3 and 4 defendant contends that the judge erred in the admission and exclusion of certain evidence. By assignments of error numbers 9, 12 and 16 defendant argues that Finding of Fact No. 9 is not supported by competent evidence. By assignments of error numbers 11 and 12 defendant asserts that plaintiff is not the real party in interest because the assignment was for collection only.

Resolution of all questions raised by these assignments of error depends on whether there is any competent evidence in the

record to support Finding of Fact No. 9. There is a strong presumption that when the judge is the trier of facts and conflicting evidence is presented, some competent and some incompetent, he bases his findings on the competent evidence and disregards the incompetent evidence. *City of Statesville v. Bowles,* 278 N.C. 497, 180 S.E. 2d 111 (1971). Thus, if the record reflects any competent evidence to support the findings "they are binding on this Court even though there is evidence to the contrary." *Cogdill v. Highway Commission,* 279 N.C. 313, 320, 182 S.E. 2d 373, 377 (1971).

The essential elements of a valid assignment are "an assignor, an assignee, and a thing assigned." *Morton v. Thornton,* 259 N.C. 697, 699, 131 S.E. 2d 378, 380 (1963). In the present case the "thing assigned" was the defendant's indebtedness (the account) of $18,200.00 to the assignor. The trial court found and concluded that the defendant was indebted to Carolina in the amount of $18,200.00 for cattle sold. The defendant concedes in his brief that there is evidence in the record to support this finding. Thus, the first essential element of a valid assignment, "a thing assigned," was established.

Plaintiff's Exhibit 6 purports to be an assignment from "Carolina Cattle Company of Betty Zaitz and Kenneth Stults, trustees" to plaintiff of an itemized account between defendant and Carolina, including the $18,200.00 indebtedness here in issue. Thus, in light of the above presumption we think that if plaintiff's Exhibit 6 is competent evidence then Finding of Fact No. 9 is sufficiently supported to withstand this challenge. Upon proper authentication an instrument such as plaintiff's Exhibit 6 is admissible. It is an established rule of evidence that such authentication may be accomplished by "any evidence tending to show the execution of the instrument." *Henrico Lumber Co. v. Dare Lumber Co.,* 185 N.C. 237, 239, 117 S.E. 10, 11 (1923); *see also* Stansbury, North Carolina Evidence, Brandis Revision, § 195. In the present case plaintiff offered the testimony of an attesting witness to the assignment and that of the agent of the assignor. Both witnesses acknowledged the document and the signing of their names thereon, and both also identified the third signature on the document as that of Kenneth Stults, trustee. This evidence was clearly sufficient to authenticate the document. Accordingly, Exhibit 6 was competent to support Finding of Fact No. 9.

Defendant, citing *Abrams v. Cureton*, 74 N.C. 523 (1876), also argues that the alleged assignment was for collection only, and that therefore, plaintiff is not the real party in interest. Exhibit 6 is again competent evidence to negate this contention and support Finding of Fact No. 9 that the "[t]rustees . . . for consideration, sold and assigned said account to the plaintiff . . . ." The case cited is readily distinguishable. In *Abrams* the plaintiff's testimony as well as the assignment itself clearly disclosed consideration for the notes assigned, and that he agreed to collect on the notes and pay over the money received to the assignor, retaining reasonable compensation for his services. The assignment in this case, Exhibit 6, contains no words indicating an intent that the assignment be for collection only. To the contrary, the assignment demonstrates that the intent was to "sell and assign . . . the accounts owed by Carl Hall, Jr. and any and all rights of suit and collection thereon." Defendant's contention is without merit.

Thus, we hold that Exhibit 6 was competent evidence to support Finding of Fact No. 9 and that there was absolute assignment of the $18,200.00 account for consideration. The judgment appealed from is affirmed.

Affirmed.

Judges BRITT and MARTIN concur.