Against the 25th of December, 1819, or when the house John Mayfield has undertaken to build for me is completed, I promise to pay to John Mayfield, or order, the just and full sum of $818.231/2, for value received, as witness my hand and seal this 21 February, 1818.
WARNER TAYLOR [L. S.]
Whereon was the following indorsement, viz.:
Pay the within to David S. Goodloe. (459)
JOHN MAYFIELD.
15 June, 1819.
The defendant offered to prove that the said Mayfield contracted with the defendant to build for him a large dwelling-house at the price of $3,000 or thereabouts, which the defendant paid to him, excepting the sum mentioned in the said bond; that said Mayfield began the house, but did not finish it; and the work not done by him was of much greater value than the sum mentioned in the bond, and remains undone to this time, and that said Mayfield has abandoned the work, and the defendant further contended that the said bond was not negotiable, and that no action could be maintained by Goodloe thereon.
The court, Nash, J., refused to hear the evidence offered, and instructed the jury that the said bond is negotiable, and that Goodloe, as assignee, might maintain the action.
Verdict and judgment for plaintiff, from which defendant appealed.
The question arising on this record is whether the bond declared on is negotiable by force of the two acts of 1762 and 1786, the former making promissory notes assignable in like manner with bills *Page 258 
of exchange, and the latter making bonds negotiable in the same way as promissory notes. With respect to bills of exchange, the law has been long considered settled that the payment of them should not be contingent, since it would greatly perplex commercial transactions if the persons to whom they were negotiated were obliged to inquire when the contingencies were likely to happen. The same rule is equally applicable to all negotiable instruments, and it may be assumed as a principle too clearly established by an unvarying series of authorities to need any reference to cases. The question, then, is whether this bond is, by its terms, payable at all events, or payable only on the contingency (460) of Mayfield's completing the defendant's house. If the latter be the case, the bond is clearly not negotiable, for the event may never happen, and a recovery could only be had by Mayfield upon his proving that he had performed the condition. But I am of opinion that this is not the true construction of the bond, since the parties by inserting a specific date of payment made it payable then at all events, whether the house would then be completed or not. If the work had been done before 25 December, 1819, Mayfield would then have acquired a right to the money, but in no event was he obliged to wait beyond that time. If an authority were required for so plain a case, there is one precisely in point in7 Mass. 240, in which case the words of the note were: "This may certify that I do agree to pay to Solomon Stevens or order $40 by the 20th of May, or when he completes the building according to contract." The note was indorsed and sued for in the name of the assignee, and the objection taken was, in this case, that the note was payable on a contingency, and, therefore, not negotiable; but the Court held the note to be payable absolutely at a day certain. As, therefore, the bond was negotiable, and was actually indorsed before it became due, the evidence offered by the defendant to show a failure of the consideration was properly rejected. The judgment must be affirmed.