Peaks on, J.
 

 In the Court below, the defendant insisted that to fix him with liability, it was necessary for the plaintiff to prove a demand on Fain the obligor, and nonpayment by him. His Honor was of opinion that the defendant was liable without such proof.
 

 We are at a loss to see any ground on which the defendant was liable to pay the amount, even if such demand and nonpayment had been proven. He made no
 
 express
 
 promise to pay, and Ave are left to conjecture that his Honor was of opinion that a promise to pay was implied by some principle of the “ law Merchant.”
 

 According to the “law Merchant,” which is incorporated into the common law, a bill of exchange may be assigned
 
 by endorsement.
 
 This was an exception to the common law maxim,
 
 “
 
 choses in action cannot be assigned,” and was forced upon the Courts as soon as England aspired to be a commercial nation. A consequence of the assignment was to make the endorser liable for the amount of the bill, provided it was presented and due notice given of its dishonor. The statute of Ann makes promis
 
 *425
 
 sory notes assignable in the same way, as inland bills of exchange were assignable according to the law Merchant; and our statute makes notes
 
 under seal
 
 for the payment of money, assignable in the same way as inland bills of exchange and promissory notes.
 

 The effect of the assignment is to vest the legal interest in the assignee, and to give him the right to sue in his own name upon the bill, note or bond. As
 
 a matter of course,
 
 therefore, the assignment must be of the whole bill, note or bond. An assignment by
 
 piece meal
 
 of a part to one man, and a part to another, is an idea unknown to the law Merchant, and wholly repugnant to every principle of law and of good sense. If the payee can assign $663.07 of a bill, note or bond to one man, and keep the balance himself, he may, on the same principle, divide it into smaller parts, and assign portions to fifty different men, all of whom would acquire a legal title, and have a separate cause of action for their respective parts; — so, diere might be fifty law suits for different parts of one note. This is against reason, and is, therefore, not law..
 

 The written statement made on the note by the defendant is not an assignment according to the law Merchant for another reason. An assignment can only be made by the payee, or the person having the legal title and right to sue. Newton & Hayes are the payees, and the defendant, in making the statement, does not profess to act for, or in the name of, the firm.
 

 As there has been no assignment, according to the law Merchant, and a liability to pay is implied only from the fact of an assignment, it follows that the defendant is not liable, and the plaintiff has no cause of action against him. There is no express promise or guaranty, and there is no ground upon which a liability, either absolute or qualified, can be made by implication.
 

 We are aware that there is a general impression among the people, that an assignment of any paper creates a qualified liability, and it is evident from the ground taken'by the defendant on the trial below, that he supposed his assignment, according to the law Merchant, imposed upon him a qualified liability, viz. upon due notice of demand and nonpayment. In this, unfortunately for the plaintiff, there vras a mistake. The common law* as distinguished from the law Merchant., required an
 
 express gum1
 
 
 *426
 

 anty.
 
 The law Merchant implied a qualified liability from the fact of an assignment according to the custom of Merchants. What the plaintiff calls an assignment, among merchants has no legal effect, but is simply an entry or memorandum in writing.
 

 Pur Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.