Nash, C. J.
 

 We do not concur with his Honor in his opinion. At common law, neither bonds nor promissory notes were assignable at law, for the reason that they were considered mere choses in action, and the transfer of them would lead to litigation and increase maintenance. 2d Bl. Com. 291, n. 6. By the statutes 3d and 4th, of Ann, of which the first section of our act of 1836, (Rev. Stat., ch. 13,) is substantially a transcript, promissory notes were made assignable, so as to enable the assignee to maintain an action on them, in his own name. By the 3d section of the act, bills, bonds and notes are put on the same footing as to their negotiability. In both the statutes of Ann, and in our act, the promissory notes and bonds which are made negotiable, are such as are made to pay
 
 money.
 
 Under the statute of Ann, the decisions are numerous, that bills and notes, to make them negotiable, must be for
 
 money only.
 
 An order or promise to pay money, and
 
 do some other act,
 
 is • not a bill or note. Bailey on Bills, p. 9. In the case of Martin and Chauktry, Str. 1271, in error from the Court of
 
 *359
 
 Common Pleas, the Court of King’s Bench held that a written promise to deliver up horses and a wharf, and pay money at a particular day, was not a note within the statute, and reversed the judgment of the Common Pleas. In Cook and Satterlee, 7th Cowen, 108, an order by A. upon'B. to pay a certain sum to C., and to take up A.’s note to C. and D. for that amount, was decided not to be a bill. The bond in this case is not for the payment of money only; but it is to do with that another thing, to wit, “ clothe and feed the negro,” for whose hire it was given. The case of Alexander and Oaks,
 
 2
 
 Dev. and Bat. 513, is decisive of this question. There the note declared on was to pay the sum of fourteen hundred dollars in bank stock, or lawful money of the United States, and the note was decided not to be within the act. See also the State against Corpening, 10th Ired. 58. The case of Hamilton v. McCarty, 1st Dev. and Bat. 226, has been brought to our notice, as an authority in favor of the plaintiff. We do not so consider it. The question there was between the obligors and the original obligee. This is a question of negotiability. There the doubt was, whether the obligee could recover upon the bond the money secured by the instrument, in an action of debt before a single magistrate; and the Court decided that he could ; that he might abandon the covenants in the bond, and go for the money secured by it. Here the question is, can an obligee in such, a bond assign it, either in whole or in part, so as to enable the assignee to sue in his own name ? This point is decided by this Court in the case of Martin and Hays, Bus. Rep. 423. There the Court say that the effect of an assignment is to vest the legal interest in the assignee,, and to give him the right to sue in his own name. ' As a matter of course, then, the assignment must be of the whole instrument. A¿ assignment, by piecemeal, is an idea unknown to the law. The assignment in the case before us is, therefore, of the whole interest of the assignor, not only of the money, but of the covenants to feed and clothe the slave hired. Suppose the defendants had paid to the plaintiff, the assignee, the $100 mentioned in the bond, could the latter have
 
 *360
 
 brought an action in his own name for damages, in not feeding and clothing the slave ? Very certainly he could not. There is error in the judgment below, and there must be a
 
 venire de novo.
 

 Judgment reversed.