The general rule is, when by a contract of sale an article is to be delivered at a future day, the payment of the price and the delivery of the thing are to be concurrent acts, and the promises are held to be "dependent" on the ground that each party is supposed to intend to hold on to his own as a mode of compelling payment on the other side. But if the purchaser agrees to pay the price before the day on which the thing is to be delivered, the promises are held to be "independent," because that circumstance shows that he relies on his remedy by action to compel performance on the part of the vendor. 1 Saund., 320, note, Pordage v. Cole.
(251) The question is, Does the bond oblige the defendant to pay before the bricks are delivered? If it had been drawn "one day after date," which is a form usual in this country, or "on demand," "I promise," etc., there could have been no question about it. We are of opinion that the bond is a present promise to pay on the day of its date; it purports to be such, and although the fact that the bricks, which are to be delivered in March or April, are set out as the consideration, instead of the usual words, "for value received," would, were there no other facts, qualify the promise to pay, and give it the meaning of "I am to pay $500 for 100,000 bricks, to be delivered, etc.," we are satisfied, from the other facts on the face of the instrument, that it is, as it purports to be, a present purpose to pay, and was not intended to be dependent upon the delivery of the bricks.
1. It is in the usual form of a negotiable bond, payable to J. W. B. Watson, or "order"; so the parties intended it to be negotiable, which is inconsistent with the intention that it should be dependent on the delivery of the bricks; for, if so, it is not negotiable (Goodloe v. Taylor,10 N.C. 458); so the fact that it is expressly payable to order must be rejected, or the fact that it refers to the bricks as the consideration must be taken as a mere memorandum or surplusage, and the words of the instrument are to be taken most strongly against the obligor, for they are his words.
2. The defendant obliges himself to pay interest from 15 November, 1854. This shows that it is not the ordinary transaction of the purchase of an article to be delivered at a future day, and to be paid for when delivered; or the price will not bear interest until it was due; so the face of the instrument proves that the price was not only payable on the day of its date, but, according to the contract, was payable before, viz., on 15 November, 1854, and back interest is to be paid for (252) the forbearance to collect.
PER CURIAM. Affirmed. *Page 155