J. A. VANCE, TRADING AS J. A. VANCE & CO., v. G. F. BRYAN ET AL., AND R. K. BAUGHAM, TRADING AS CAROLINA MACHINERY COMPANY.

( Filed 3 April, 1912.)

Bills and Notes—Indorsee in Due Course—Vendor and Vendee—Principal and Agent—Evidence.

The holder of a negotiable instrument, indorsed for value and before maturity, etc., by the vendor of machinery, who retained a lien on the goods sold under a conditional sale, is not affected by subsequent payments made to the vendor, which were not entered on the note and of which he had no notice; and, on the facts presented, there was no evidence upon which the vendor's agency to accept the payments in behalf of the indorsee could properly be submitted to the jury.

APPEAL from Whedbee, J., at October Term, 1911, of CUMBERLAND.

On the trial it was made to appear that plaintiff, holding two notes by indorsement, for value and before maturity, each for sum of $251.34, given for a sawmill, engine, boiler, etc., and a registered lien, in the form of conditional sale, instituted the present action to recover on the notes and enforce the lien, etc. The property, having been seized by ancillary process of claim and delivery, was replevied by G. F. Bryan and others, the purchasers, and defendants G. F. Bryan et al., admitting the purchase of the property and execution of the notes, alleged payment of the notes to their codefendant, R. K. Baugham, their immediate vendor.

The jury returned the following verdict:

1. Is the plaintiff the owner and entitled to the possession of the property seized by the sheriff in this action? Answer: Yes.

VANCE *v.* BRYAN.

2. Does the defendant wrongfully withhold possession of same from plaintiff? Answer: Yes.

3. If so, what damage has plaintiff sustained thereby? Answer: Six per cent interest on amount due on notes from date of seizure by the sheriff.

4. What was the value of the property seized by the sheriff in this action on the day of the seizure? Answer: $600.

5. Was the plaintiff a purchaser of the two notes sued on before maturity and for value? Answer: Yes.

6. Have said notes, or any part thereof, been paid by the defendants to the plaintiff? Answer: Yes; $100, 26 November, 1896, to Mr. Alexander, attorney for the plaintiff.

There was judgment on the verdict for the plaintiff, and defendant excepted and appealed.

*H. L. Cook and J. E. Alexander for plaintiff.*
*V. C. Bullard and Sinclair & Dye for defendants.*

HOKE, J. We have carefully examined the case and find no reversible error to plaintiff's prejudice. On the trial it was made to appear that, on 1 March, 1904, defendant R. K. Baugham, trading as the Carolina Machinery Company, sold to his codefendants, G. F. Bryan *et al.,* the engine, boiler, and sawmill and took from the purchasers two notes therefor in the sum of $251.34 each, one payable 1 July, 1904, and the second 1 November, 1894, and also a lien on the property to secure the same in the form of a conditional sale, which was duly registered; that at the time the said notes were executed or within a few days thereafter they were indorsed for full value by the payee to plaintiff, and that no payment had been made thereon to plaintiff except the $100, as established by the verdict. It was chiefly contended by the purchasers that, except the $100 referred to, they had paid for the sawmill, etc., to the Carolina Machinery Company, their immediate vendor, and that, on the testimony, the question should have been submitted to the jury whether the machinery company, at the time the payments were claimed to have been made, was not the agent of plaintiff for the purpose and duly authorized to receive the same; but we concur with his Honor below, in the opinion that there was no

evidence tending to support the position, and no facts appearing from which the same could be reasonably inferred. The plaintiff being holder of the notes in due course, by indorsement for value and before maturity, etc., his demand is not affected by payments made to the payee, which were not entered on the notes and of which the holder had no notice. *Bank v. Michael,* 96 N. C., 53; *Blackmer v. Phillips,* 67 N. C., 340. There is no error, and the judgment in plaintiff's favor will be affirmed.

No error.