POPE & BALLANCE v. RIGHTER-PARRY LUMBER COMPANY.

(Filed 7 May, 1913.)

**Bills and Notes—Conditional—Reference to Other Papers—Non-negotiable—Equity—Interpretation of Statutes.**

Where a promissory note given for the purchase price of timber refers to a deed and recites that it is "subject to the provisions of said deed," it is conditional in form, and being de-

pendent in its provisions upon an outside paper, it is nonnegotiable and subject to the equities existing between the original parties, in the hands of a purchaser. Revisal, sec. 2151.

APPEAL by intervenor, J. F. Sherron, from *Ferguson, J.,* at November Term, 1912, of HARNETT.

*Clifford & Townsend for plaintiffs.*
*Sinclair & Dye for J. F. Sherron, intervenor.*

CLARK, C. J. The appellant, J. F. Sherron, was permitted to intervene and assert his title to the $2,000 note signed by K. L. Howard, payable 1 January, 1911. There is evidence that he received it before maturity and for value. The note is worded as follows:

$2,000.                        DUNN, N. C., 15 January, 1909.

On 1 January, 1911, I promise to pay to the Righter-Parry Lumber Company, or order, two thousand dollars ($2,000), with interest from date at 6 per cent per annum; payable at the First National Bank of Dunn, N. C.

This note is for part of the purchase price of timber conveyed to the undersigned by the said company by deed of even date herewith; is secured by retention of the title to said timber by said company, and subject to the provisions of said deed.

K. L. HOWARD.

The jury found that the defendant broke his contract with the plaintiff, who under the terms of the deed was entitled to recover damages therefor. It is admitted in the case agreed that such finding was unexceptionable. The court refused to charge that this note was a negotiable instrument, and therefore that James .F. Sherron was holder in due course and held the same free from all equities.

Revisal, 2151, specifies the requirements of a negotiable instrument. The second of these requirements is that it "must contain an unconditional promise or order to pay a sum certain in money." This note contains the following condition: "and subject to the provisions of said deed." The note being, therefore, conditional in form and dependent in its provisions upon

an outside paper referred to therein, was nonnegotiable, and his Honor properly so held. There is nothing in the provisions of Revisal, 2153 or 2154, which cures this defect or renders the note negotiable, and Sherron took it subject to all equities.

No error.