CHOATE RENTAL COMPANY v. E. R. JUSTICE, TRADING AS JUSTICE HOTEL,

and

CHOATE RENTAL COMPANY v. E. R. JUSTICE, TRADING AS SILVER DIME CAFE.

(Filed 16 December, 1936.)

**1. Ejectment § 5—**

Although an agent of the lessor may make the oath in writing required in summary ejectment, C. S., 2367, the action must be prosecuted in the name of the lessor as the real party in interest, C. S., 446, and it may not be maintained in the name of the lessor's rental agent.

**2. Parties § 1—**

The requirement that an action must be maintained by the real party in interest, C. S., 446, means some interest in the subject matter of the litigation and not merely an interest in the action.

**3. Trial § 21—**

Where defendant moves for nonsuit after the close of plaintiff's evidence but fails to renew the motion after the introduction of his evidence, he waives his motion and is not entitled to have the action dismissed thereon. C. S., 567.

APPEAL by the defendant from *Harding, J.,* at May Term, 1936, of MECKLENBURG. New trial.

There were two actions in summary ejectment instituted before a justice of the peace under C. S., 2367, by the same plaintiff against the same defendant for different portions of the same building. From judgment in the justice of the peace court, adverse to it in each case, the plaintiff appealed to the Superior Court. In the Superior Court the cases were consolidated for trial in accordance with stipulation entered into by counsel for plaintiff and defendant, and were tried upon the following issue:

"Is the plaintiff entitled to immediate possession of the property in controversy set out in the complaint?"

The jury answered the issue in the affirmative, and from judgment based upon the verdict the defendant appealed to the Supreme Court, assigning error.

*Taliaferro & Clarkson for plaintiff, appellee.*
*G. T. Carswell and Joe W. Ervin for defendant, appellant.*

SCHENCK, J. The evidence of the plaintiff established that the Life Insurance Company of Virginia was the owner of the demised premises from which it was sought to eject the defendant, while the actions were

instituted in the name of Choate Rental Company, which was the rental agent of the Life Insurance Company of Virginia, and the affidavits prescribed by the statute were made by "Choate Rental Company by Jno. G. Turner," and John G. Turner "worked for" and "collected rents for" the Choate Rental Company.

The following excerpt from his Honor's charge is made the basis of an exceptive assignment of error: "And the court charges you, gentlemen of the jury, that if you believe the evidence and all of it and find the facts to be true as testified to by the witnesses, under all of the evidence, it would be your duty to answer the issue 'Yes.' You can answer the issue, gentlemen."

This assignment of error presents the question brought forward in the brief as to whether these actions in summary ejectment can be maintained in the name of the Choate Rental Company, rental agent, when the property is owned by the Life Insurance Company of Virginia.

C. S., 2367, prescribes the manner of removal by his landlord of any tenant who remains in the demised premises after the expiration of his lease, as follows: "When the lessor or his assigns, or his or their agent or attorney, makes oath in writing, before any justice of the peace of the county in which the demised premises are situated, stating such facts as constitute one of the above cases described, and describing the premises and asking to be put in possession thereof, the justice shall issue a summons reciting the substance of the oath, and requiring the defendant to appear before him or some other justice of the county, at a certain place and time, . . . to answer the complaint."

While the statute clearly provides that the agent or attorney of the lessor may make the oath in writing required in actions in summary ejectment, it does not, in our opinion, provide an exception to the requirement of C. S., 446, that "every action must be prosecuted in the name of the real party in interest."

In speaking of section 55 of the Code of Civil Procedure, which was substantially the same as C. S., 446, *Ruffin, J.,* says: "Under The Code there is no middle ground; for whenever the action can be brought in the name of the real party in interest, *it must be so done." Rogers v. Gooch,* 87 N. C., 442.

A real party in interest is a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject matter of the litigation. The real party in interest in this action is the Life Insurance Company of Virginia and not its rental agent, the Choate Rental Company, and it was, therefore, error to charge the jury that under all the evidence they should answer the issue in the affirmative.

The defendant is not entitled to have the actions dismissed on his motion to dismiss upon the evidence for the reason that the motion was not renewed at the close of all the evidence, but lodged only at the close of the plaintiff's evidence. The introduction of evidence by the defendant constituted a waiver of the motion in absence of a renewal thereof. C. S., 567. *Bordeaux v. R. R.,* 150 N. C., 528; *Wooley v. Bruton,* 184 N. C., 438.

For the error assigned, the defendant is entitled to a

New trial.