CLARENCE L. MORTON, JR., CHARLES A. DIGGS, AND CARROLL D. OGLESBY, AS JOINT ASSIGNEES v. EUGENE P. THORNTON AND ELIZA-BETH P. THORNTON, PARTNERS, TRADING AS THORNTON SALES SERVICE.

(Filed 14 June 1963.)

1. **Appeal and Error § 60—**
   The decision on appeal becomes the law of the case upon subsequent hearing and upon subsequent appeal.

2. **Assignment § 1—**
   An assignment must designate the assignor, the assignee, and the chose assigned, and plaintiffs' allegations that the assignment constituted them joint owners is a mere conclusion of law as to the legal effect of the instrument.

3. **Same—**
   An assignment to M, D, and O, individually and collectively, is the same as an assignment to M or D or O or to all three as joint owners, and is ineffective for failure to identify the assignee.

4. **Same;   Parties § 2—**
   The appointment of an agent by the owner of property does not divest the owner of his property rights, and the agent is not the real party in interest and cannot maintain an action on the chose.

APPEAL by defendants from *Riddle, J.,* November 5, 1962 Non-Jury Civil Term of GUILFORD, Greensboro Division.

*Sapp and Sapp by Armistead W. Sapp for plaintiff appellees.*
*York, Boyd & Flynn by C. T. Boyd for defendant appellants.*

RODMAN, J.   This action was begun by plaintiffs "jointly and as assignees" to recover unpaid commissions owing to each of fifteen of

defendants' salesmen. The asserted unpaid balance owing the several salesmen varies from $24.55 claimed to be due C. Fraiser Whatley to $3,077.91 claimed to be due plaintiff Morton. The aggregate of the claims is $10,107.43.

We were called upon at the Spring Term 1962 by defendants' demurrer to determine whether there was a misjoinder of parties and causes. *Morton v. Thornton,* 257 N.C. 259, 125 S.E. 2d 464. We then held each salesman had a right of action which he could enforce for his individual claim, but he and other employees could not maintain a joint action to enforce their several claims. That holding is the law of this case. It is a mere restatement of the law as announced by this Court in its prior decisions. *Roberts v. Mfg. Co.,* 181 N.C. 204, 106 S.E. 664; *Shore v. Holt,* 185 N.C. 312, 117 S.E. 165; *Weaver v. Kirby,* 186 N.C. 387, 119 S.E. 564; *Warden v. Andrews,* 200 N.C. 330, 156 S.E. 508; *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Branch v. Board of Education,* 233 N.C. 623, 65 S.E. 2d 124; *Chambers v. Dalton,* 238 N.C. 142, 76 S.E. 2d 162; *Morton v. Telegraph Co.,* 130 N.C. 299; *Eller v. R.R.,* 140 N.C. 140; *Thigpen v. Cotton Mills,* 151 N.C. 97, 65 S.E. 750; *Cooper v. Express Co.,* 165 N.C. 538, 81 S.E. 743; *Fleming v. Power Co.,* 229 N.C. 397, 50 S.E. 2d 45; *Ellington v. Bradford,* 242 N.C. 159; 86 S.E. 2d 925; 1 Am. Jur. 2d 644.

We also held that claims for unpaid wages were choses in action which could be assigned, and a single assignee or several assignees holding jointly could maintain one action to recover the several sums assigned to them. In such an action, Rule 20 (2) of this Court would apply and each claim should be set out as a separate and distinct cause of action.

We did not then decide the question of misjoinder because we thought plaintiffs should have an opportunity to restate and reconcile seemingly conflicting factual allegations with respect to the alleged assignments. Accordingly we remanded with permission to apply to the Superior Court to amend. Permission was granted and an amended complaint was filed.

The amended complaint changes the phrase following plaintiffs' names in the caption from "jointly and as assignees" to "joint assignees." The other amendment, so far as pertinent to the question under consideration was in sec. XVI of the complaint. That section then read and now reads: "The defendants owed December 1, 1958 by reason of the matters and things hereinabove alleged the following sums to the following salesmen:" (Then follows a tabulation showing the amount due each salesman.) Originally it said: "Plaintiffs. . .are the owners and assignees of all the above listed claims. The assign-

ments are in writing, and the *plaintiffs individually* and jointly are entitled to recover of the defendants. . ." It now reads: "Plaintiffs. . . *are the joint owners* as assignees of all of the above listed claims, including those in their own names to wit: Clarence L. Morton, Jr., Charles A. Diggs, Carroll D. Oglesby. The assignments are each in writing and each are executed by each of the fifteen salesmen as assignors listed above and are as follows:" (Emphasis added.) Then follows a copy of the assignment which each salesman executed.

The allegation that plaintiffs are joint owners as assignees is not an allegation of fact; it merely alleges plaintiffs' interpretation of the effect of the fifteen assignments. The assignments recite a consideration of one dollar and other valuable considerations for which the assignor transfers, sells, conveys, and assigns "unto Clarence L. Morton, Charles A. Diggs, and Carroll D. Oglesby, *individually and collectively*" all sums due assignor by defendants arising or growing out of his contract as a salesman for defendants. The assignment further reads: "I am advised, believe, assert and have have asserted that E. P. Thornton and Elizabeth P. Thornton, partners, failed to pay the full amount of the commissions due me for the year ending November 30, 1958, and, particularly, the full amount of commissions upon a proper and legal accounting for the sales classified as MADE-RITE transactions. It is with particular reference to these commissions, although not limited thereto, that this assignment shall be effective. *The said assignees have the full right and power to act individually or together in their individual names as assignees or in the event, for any reason, this assignment is held void, they shall be deemed to act in their own name or names and individual capacity or capacities for me as my agent coupled with an interest.*" (Emphasis added.)

Every action must be brought by the real party in interest. G.S. 1-57. An assignee of a contractual right is a real party in interest and may maintain the action. Brown, J., defined the term "assignment" in *Ormond v. Ins. Co.,* 145 N.C. 140. He said: "An assignment is substantially a *transfer,* actual or constructive, with the clear intent at the time to part with all interest in the thing transferred and with a full knowledge of the rights so transferred." 6 C.J.S. 1045; 6 Am. Jur. 2d 185.

Since an assignment is a conveyance, it requires an assignor, an assignee, and a thing assigned. As said by Adams, J., in *Boyd v. Campbell,* 192 N.C. 398, 135 S.E. 121: "In every conveyance of land there must be a grantor, a grantee, and a thing granted. The grantor cannot make himself the grantee." Pearson, J., later C.J., said in *Dupree v. Dupree,* 45 N.C. 164: "Property must at all times have an

owner. One person cannot part with the ownership unless there be another person to take it from him. There must be a 'grantor and a grantee and a thing granted.' "

. Barnhill, J., later C.J., said in *Byrd v. Patterson*, 229 N.C. 156, 48 S.E. 2d 45: "A deed, to be operative as a conveyance, must in some manner designate as grantee an existing person who is capable of taking title to the land. 16 A.J., 482. While the correct name of the grantee affords a ready means of identification of the person intended, its use is not a prerequisite to the validity of the instrument. 16 A.J., 483. If a living or legal person is intended as the grantee and is identifiable by the description used, the deed is valid, however he may be named in the deed. 16 A.J., 483." Case law and textbooks are in accord with these statements. *Woolard v. Smith*, 244 N.C. 489, 94 S.E. 2d 466; *Neal v. Nelson*, 117 N.C. 393; *Deslauriers v. Senesac*, 163 N.E. 327, 62 A.L.R. 511; *Rixford v. Zeigler*, 88 P. 1092, 119 Am. St. Rep. 229; 16 Am. Jur., Deeds, sec. 71; 26 C.J.S., Deeds, sec. 13. It is said in Washburn On Real Property, 281: " (I)f a grant be made AB *or* CD, it would be void as to both." See also 4 Bacon's Abridgment 511.

Here there is no difficulty in identifying the grantor or assignor, or the thing conveyed; but when we seek to ascertain the party acquiring title we are confronted with an entirely different situation. The conveyance is to Clarence L. Morton, Charles A. Diggs, and Carroll D. Oglesby, *individually and collectively*. Paraphrased and giving effect to the language used, the conveyance is "to Clarence L. Morton or Charles A. Diggs or Carroll D. Oglesby or to all three as joint owners." Unless it has this meaning the word "individually" has no meaning. Assignors manifestly intended for each of the three named to exercise the right of control. They said: "The said assignees have the full right and power to act *individually or together* in their individual names as assignees." But, fearful for some unexplained reason that the assignment might be declared void, each assignor expressly agreed that Morton, Diggs, or Oglesby, "shall be deemed to act in their *own name or names and individual capacity or capacities* for me as my agent coupled with an interest." (Emphasis added.)

So by express language the instrument, insufficient because of the failure to identify the assignee, appoints the three as agents with authority to each to act as agent. The appointment of an agent does not divest the owner of his property rights. The agent is not the real party in interest and cannot maintain an action. *Rental Co. v. Justice*, 211 N.C. 54, 188 S.E. 609.

We reach the conclusion that the paper writing made a part of the complaint is not such an assignment as is contemplated by G.S.

1-57, thereby authorizing plaintiffs to maintain an action to recover the several claims which the individual salesmen assert against defendants.

Reversed.