JAMES J. BOOKER AND OREN W. McCLAIN v. KOYT W. EVERHART, KOYT W. EVERHART, SR. AND WIFE, BEATRICE M. EVERHART

No. 56

(Filed 24 January 1978)

1. **Uniform Commercial Code §§ 25, 27— nonnegotiable promissory note—collection agents not "holders" of note**

 A promissory note executed by defendant husband to his estranged wife and guaranteed by his parents was a nonnegotiable note, since the note incorporated a prior deed of separation and property settlement entered into by the husband and wife and thereby rendered the promise to pay the sum certain conditional; therefore, plaintiffs, who had represented the wife in her domestic dispute and to whom the wife had allegedly assigned one-third of the prom-

issory note in payment for their services, could not be "holders" under G.S. 25-3-205 and 206 and thus could not argue that, under G.S. 25-3-301, they had the power to enforce the note as collection agents for the owner. G.S. 25-3-105.

2. **Rules of Civil Procedure § 17; Bills and Notes § 18— promissory note—agents for collection—no real party in interest**

   Where defendant husband executed a promissory note to his estranged wife who, in turn, purportedly assigned one-third of the note to plaintiffs and designated them as her agents for collection of the note, plaintiffs could not, as agents for collection, maintain that they were the "real parties in interest" in the case; rather, their status as real parties in interest under G.S. 1-57 and G.S. 1A-1, Rule 17 must be based on their independent interest in one-third of the total debt, but even then they are not the only such parties and so, under G.S. 1A-1, Rule 19 cannot maintain an action solely in their names.

3. **Bills and Notes § 18— assignors of part of promissory note—payee as necessary party to action on note**

   Where defendant husband executed a promissory note to his estranged wife, the note was guaranteed by his parents, the wife assigned one-third of the note to plaintiff attorneys and designated them as her agents for collection, and plaintiffs brought this action against the husband and his parents when the husband defaulted on the note, the trial court erred in failing to join the wife as a necessary party, since both the assignors of the partial interest in the debt and defendant debtors had the right to insist that the entire matter be settled at one time—that the cause of action not be split.

4. **Rules of Civil Procedure § 19— absence of necessary parties—no nonsuit**

   Absence of necessary parties does not merit a nonsuit; rather, the court should order a continuance so as to provide a reasonable time for them to be brought in and to plead.

5. **Bills and Notes § 20— action on note—evidence as to maker's absence from trial—exclusion error**

   In an action to recover on a promissory note, the trial court erred in refusing to allow defendant guarantors to explain to the jury that the defendant maker was out of the country by reason of military service, since absence of defendant maker, without explanation to the jury of the reason therefor, would indicate that he had little or no interest in his own defense or in the defense of his parents, the guarantors.

ON petition for discretionary review of the decision of the Court of Appeals, reported in 33 N.C. App. 1, 234 S.E. 2d 46, affirming directed verdict for the plaintiff, entered by *Rousseau, J.*, at the 26 April 1976 Civil Session of FORSYTH Superior Court.

This is an action by plaintiffs on a note executed by Koyt W. Everhart, Jr. (Koyt, Jr.) to his wife, Jane C. Everhart (Jane), for $150,000, allegedly guaranteed by Koyt, Jr.'s father and mother, Koyt W. Everhart, Sr. and wife, Beatrice M. Everhart.

On 1 May 1972, Koyt, Jr. (an attorney) and his wife Jane separated and entered into a deed of separation and property settlement. Subsequently, a dispute arose involving the custody of a minor child of the marriage, and Jane employed the plaintiffs, James J. Booker and Oren W. McClain, as her attorneys to represent her in the domestic dispute. Jane first met James J. Booker on 3 August 1972. On 30 October 1972, Koyt, Jr., as part of a property settlement, signed a promissory note payable to Jane in the amount of $150,000, payable in stated installments. At the same time Koyt, Jr. and Jane entered into a supplement to the deed of separation and property settlement. Koyt, Jr.'s parents, Koyt W. Everhart, Sr. and wife, Beatrice M. Everhart, signed an instrument guaranteeing payment of the note. On 6 December 1972, Jane signed a document prepared by plaintiffs which purported to assign one-third of the promissory note to plaintiffs in payment of their one-third contingent fee, and which also purported to name plaintiffs Jane's agents for collection of the note. One installment on the note in the amount of $12,500 was paid on 31 December 1972. Plaintiffs retained one-third of this payment, or over $4,000, for themselves and sent the remainder of the payment to Jane. On 8 March 1974, after default, plaintiffs brought this action seeking to recover $137,500, with interest, alleging that they were owners of a one-third interest in the note and were agents for Jane for the collection of the balance.

The case was tried during the 26 April 1976 Session of Forsyth Superior Court. Koyt, Jr. was stationed in the Philippines in the United States Navy and was not present for the trial. At the close of all the evidence, the trial court granted plaintiffs' motion for a directed verdict as to the plaintiffs' claimed one-third portion of the note, and thereafter entered judgment awarding plaintiffs $54,387.64. The court denied plaintiffs' right to recover in behalf of Jane Crater Everhart. Plaintiffs gave notice of appeal to that portion of the judgment denying plaintiffs' right to recover in behalf of Jane but on appeal abandoned their alleged claim to any portion of the note except for their claimed one-third interest. The North Carolina Court of Appeals affirmed the judgment of the trial court granting plaintiffs' motion for directed verdict.

We allowed defendants' petition for discretionary review.

*Womble, Carlyle, Sandridge and Rice by Allan R. Gitter and William C. Raper for defendant appellants.*

*Hudson, Petree, Stockton, Stockton and Robinson by Norwood Robinson and Steven E. Philo for plaintiff appellees.*

MOORE, Justice.

Prior to filing their answer to plaintiffs' complaint, defendants made a motion under Rule 12(b)(7) for dismissal of the action for plaintiffs' failure to join a necessary and indispensable party, *viz.*, Jane C. Everhart, the payee and assignor of the alleged note.

In an order filed May 13, 1974, Judge McConnell ruled, after consideration of the motion, complaint, affidavit of Jane C. Everhart and arguments of counsel, that the motion of defendants should be denied. This constitutes error.

Plaintiffs attached to their complaint two documents, labeled "Exhibit A" and "Exhibit B". Exhibit A reads, in part, as follows:

"October 30, 1972          Winston-Salem
$150,000.00                    North Carolina

### INSTALLMENT NOTE

FOR VALUE RECEIVED, I, KOYT WOODWORTH EVERHART, JR., do hereby promise to pay to JANE CRATER EVERHART or her order, ONE HUNDRED FIFTY THOUSAND and No/100 --- Dollars ($150,000.00) in lieu of a property settlement supplementing that certain *Deed of Separation and Property Settlement*, dated May 1, 1972, the terms of which are incorporated herein by reference. That, as of the signing of said document, JANE CRATER EVERHART was not aware of the extent of property interests of KOYT WOODWORTH EVERHART, JR. nor was she represented by counsel at said time. That in order to prevent involvement in litigation and dissolution of assets, KOYT WOODWORTH EVERHART, JR. does hereby promise to pay to JANE CRATER EVERHART or her order, the sum of ONE HUNDRED FIFTY THOUSAND and No/100 --- Dollars ($150,000.00); the terms and conditions of said note are as follows . . . ."

Exhibit B, executed December 6, 1972 by Jane C. Everhart, says the following:

"December 6, 1972

FOR Services rendered and for future collection services that might be rendered, the undersigned assigns, transfers and conveys a one-third (1/3) interest *to the undersigned*, endorsed by his parents, in and to a certain note dated October 30, 1972 in the amount of $150,000.00 from Koyt Everhart, Jr., to Booker and McClain Attorneys, a partnership; said partnership being composed of James J. Booker and Oren W. McClain and further authorize all collections to be made through their office at 2510 Wachovia Building, Winston-Salem, N.C. 27101.

s/ JANE C. EVERHART"

It is noted that this assignment purports to assign a one-third interest "to the undersigned", who is Jane C. Everhart; however, we shall treat it as an assignment of one-third interest to plaintiffs.

Plaintiffs argue, in effect, as follows: (1) that the document marked "Exhibit A" is a negotiable instrument meeting the formal requirements of G.S. 25-3-104; (2) that, by Exhibit B, they were assigned a one-third (1/3) interest in the note, and were appointed collection agents for the entire amount of the note; (3) that Exhibit B is a restrictive endorsement of the note to them as collection agents, and that, under G.S. 25-3-205 and 206 they are "holders" of said note; and (4) that under § 25-3-301, "Rights of a holder," they have the right to enforce payment of the note in their own name, without joining the owner of the note, Jane Crater Everhart, as a party.

[1] Plaintiffs' argument fails from its outset. They cannot avail themselves of the benefits concerning parties which they read into G.S. 25-3-301, simply because the document labeled "Exhibit A" is not a negotiable instrument within Article 3 of Chapter 25 of the General Statutes.

G.S. 25-3-104, *Form of negotiable instruments*, says in part:

"(1) Any writing to be a negotiable instrument within this article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer."

As stated in the North Carolina Comment to G.S. 25-3-104, ". . . the full tests for determining whether a particular instrument is a negotiable instrument under Article 3 can be determined only by reading G.S. 25-3-104 through 25-3-112 as a unit. . . ."

Under the law of this State prior to the adoption of the Uniform Commercial Code, it was clearly established that a conditional promise or contingent condition contained in the instrument itself had the effect of defeating the negotiability of the instrument. *See Pope v. Righter-Parey Lumber Co.*, 162 N.C. 206, 78 S.E. 65 (1913); *First Nat'l Bank v. Michael*, 96 N.C. 53, 1 S.E. 855 (1887); *Goodloe v. Taylor*, 10 N.C. 458 (1825). This prior law is carried forward in G.S. 25-3-104(1)(b).

G.S. 25-3-105. *When promise or order unconditional*, states in part:

"(2) A promise or order is not unconditional if the instrument

(a) states that it is subject to or governed by any other agreement. . . ."

The official comment to G.S. 25-3-105 says that, as far as negotiability is concerned, the conditional or unconditional character of the promise or order is to be determined by what is expressed in the instrument itself. When the instrument itself makes express reference to an outside agreement, transaction or document, the effect on the negotiability of the instrument will depend on the nature of the reference. G.S. 25-3-105.

In the present case, the instrument marked Exhibit A says, after the promise to pay Jane Crater Everhart $150,000: ". . . . *in lieu of a property settlement supplementing that certain Deed of Separation and Property Settlement, dated May 1, 1972, the*

*terms of which are incorporated herein by reference . . . .*" (Emphasis added.)

Incorporation by reference has been defined as:

"The method of making one document of any kind become a part of another separate document by referring to the former in the latter, and declaring that the former shall be taken and considered as a part of the latter the same as if it were fully set out therein." Black's Law Dictionary (Revised 4th Ed.), Incorporation.

To incorporate a separate document by reference is to declare that the former document shall be taken as part of the document in which the declaration is made, as much as if it were set out at length therein. *Railroad Co. v. Cupp*, 8 Ind. App. 388, 35 N.E. 703. *See also* 17 Am. Jur. 2d, Contracts, § 262.

By incorporating into the note in question the Deed of Separation and Property Settlement, the parties made the note "subject to" any and all possible conditions contained in those prior documents. Under G.S. 25-3-105(2)(a), this renders the promise to pay the sum certain conditional. Whether or not the documents incorporated contained any such conditions or contingencies is a matter beside the point. *United States v. Farrington*, 172 F. Supp. 797 (D. C. Mass. 1959). The essential point is that all of the essential terms of the note in question cannot be ascertained from the face of the instrument itself. Because separate documents have been made a part of the note by its express terms, the promise contained therein is conditional, and the note nonnegotiable.

In *Holly Hill Acres, Ltd. v. Charter Bank of Gainesville*, 314 So. 2d 209, 17 U.C.C. Rep. Ser. 144 (Fla. 1975), the Florida Court held that, under § 3-105(2)(a) of the U.C.C., a promissory note which incorporated by reference the terms of the mortgage securing it did not contain the unconditional promise to pay required by 3-104(1)(b). The note in that case said: "The terms of said mortgage are by this reference made a part hereof." In the course of its opinion that court noted that this is not a mere reference to the mortgage or agreement on which the note is based. ". . . [S]uch reference in itself does not impede the negotiability of the note. There is, however a significant difference in a note stating that it is 'secured by a mortgage' from one which provides, 'the

terms of said mortgage are by this reference made a part hereof.'
. . ."

Under G.S. 25-3-105(1)(b) and (c), it is clear that mere reference in a note to the separate agreement or document out of which the note arises does not affect the negotiability of the note. But to go beyond a reference to the separate agreement, by incorporating the terms of that agreement into the note, makes the note "subject to or governed by" that agreement, and thus, under G.S. 25-3-105(2)(a), renders the promise conditional and the note nonnegotiable.

Since the instrument in the present case is nonnegotiable plaintiffs cannot be "holders" under Article 3 of the U.C.C., and thus cannot argue that, under G.S. 25-3-301, they have the power to enforce this note as collection agents for the owner. Plaintiffs, at best, are collection agents for a debt owing to Jane Crater Everhart, and, in addition, possess a possible ownership interest in a portion of the debt stemming from Jane Crater Everhart's purported partial assignment of the debt. The right to receive money due or to become due under an existing contract may be assigned. *Lipe v. Guilford Nat'l Bank*, 236 N.C. 328, 72 S.E. 2d 759; *Wike v. Guaranty Co.*, 229 N.C. 370, 49 S.E. 2d 740. Since plaintiffs are the assignees of a contractual right, the general law concerning parties must be examined to determine who is the real party in interest in this action.

G.S. 1-57 says, in part:

"Every action must be prosecuted in the name of the real party in interest . . . ."

Chapter 1A, Rule 17 of the Rules of Civil Procedure states, in part:

"(a) Real party in interest. — Every claim shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. . . ."

In *Parnell v. Insurance Co.*, 263 N.C. 445, 139 S.E. 2d 723 (1964), the Court quoted the following from *Rental Co. v. Justice*, 211 N.C. 54, 188 S.E. 609:

"A real party in interest is a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject matter of the litigation. . . ."

In *Parnell, supra,* the Court stated the basic doctrine that, ". . . An agent is not the real party in interest and cannot maintain an action. *Morton v. Thornton,* 259 N.C. 697, 700, 131 S.E. 2d 378." And, in *Howard v. Boyce,* 266 N.C. 572, 146 S.E. 2d 828 (1966), the Court said:

". . . For nearly a century our statutory law has required every action to be prosecuted in the name of the real party in interest. G.S. 1-57. Since the enactment of that statute it has been consistently held that an agent for another could not maintain an action in his name for the benefit of his principal. (Citations omitted.) . . ."

*See Insurance Co. v. Locker,* 214 N.C. 1, 197 S.E. 555 (1938).

For many years this Court has consistently held that an assignee for purposes of collection is not a "real party in interest." *Morton v. Thornton,* 259 N.C. 697, 131 S.E. 2d 378; *Federal Reserve Bank v. Whitford,* 207 N.C. 267, 176 S.E. 584 (1934); *First Nat'l Bank v. Rochamora,* 193 N.C. 1, 136 S.E. 259 (1927); *Third Nat'l Bank v. Exum,* 163 N.C. 199, 79 S.E. 498 (1913); *Morefield v. Harris,* 126 N.C. 626, 36 S.E. 125 (1900); *Abrams v. Cureton,* 74 N.C. 523 (1876).

In *Morton v. Thornton, supra,* where plaintiffs were agents for collection of commissions owed to nonparties, the Court said:

". . . The appointment of an agent does not divest the owner of his property rights. The agent is not the real party in interest and cannot maintain an action. *Rental Co. v. Justice,* 211 N.C. 54, 188 S.E. 609." 259 N.C. at 700, 131 S.E. 2d at 381.

Cases cited by plaintiffs are not on point. *Willey v. Gatling,* 70 N.C. 410, involved an agency coupled with an interest in a

negotiable note; and, as we have held, *supra*, the law of negotiable instruments is not controlling in this case. *Wynne v. Heck*, 92 N.C. 414, involved the authority of a trustee under an express trust to bring an action on a debt for the beneficiary of the trust. A trustee of an express trust has the capacity to sue as the real party in interest under Rule 17 of the Rules of Civil Procedure (and under section 179 of the Code, at the time Wynne was decided). This express statutory authorization relating to trustees does not apply to agents who, unlike trustees, are not vested with any form of ownership of the claim sued on.

[2] Thus, as agents for collection of a debt, plaintiffs cannot maintain that they are the "real parties in interest" in this case. Instead, their status as the real parties in interest under G.S. 1-57 and Rule 17 must be based on their independent interest in one-third of the total debt, as evidenced by Jane Crater Everhart's purported partial assignment to them (Exhibit B, *supra*). Only by virtue of their separate interest in the debt are the plaintiffs "real parties in interest". Even then they are not the only such parties; and under Rule 19 of the Rules of Civil Procedure, and prior case law, they cannot maintain an action solely in their names.

Rule 19 of Chapter 1A, Rules of Civil Procedure, provides in part:

"(a) . . . those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint. . . ."

(b) *Joinder of parties not united in interest.* — The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action."

These rules make no substantive change in the rules relating to joinder of parties as formerly set out in G.S. 1-70 and G.S. 1-73. Both G.S. 1-70 and G.S. 1-73 were repealed by Session Laws 1967, c. 954, s. 4, effective 1 January 1970. "The new rules of civil procedure make no change in either the categorizing of parties as

necessary, proper and formal, or in the underlying principles upon which the categories have been based." 1 McIntosh, N.C. Practice and Procedure 2d, § 585 (Supp. 1970).

Necessary parties must be joined in an action. Proper parties may be joined. Whether proper parties will be ordered joined rests within the sound discretion of the trial court. *Strickland v. Hughes*, 273 N.C. 481, 160 S.E. 2d 313 (1968).

A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. *Strickland v. Hughes, supra; Manning v. Hart*, 255 N.C. 368, 121 S.E. 2d 721 (1961); *Garrett v. Rose*, 236 N.C. 299, 72 S.E. 2d 843 (1952). When a complete determination of the matter cannot be had without the presence of other parties, the court must cause them to be brought in. *MacPherson v. City of Asheville*, 283 N.C. 299, 196 S.E. 2d 200 (1973); *Strickland v. Hughes, supra.*

The law of necessary parties, as applied where, as here, there has been a partial assignment of a single claim, is succinctly stated in 6 Am. Jur. 2d, Assignments, Sec. 133, at 314-315, as follows:

"Generally under modern statutes or rules of court which authorize an assignee to bring suit in his own name on a claim assigned to him if the assignment is of the entire claim, the assignor is not a necessary party to the suit and need not be joined as a party. . . . But where there has been a partial assignment leaving the assignor owner of a part of the claim, or where different parts of the claim have been assigned to different persons, an assignee, in bringing suit, should join either as plaintiffs or defendants all the parties in interest, so that the entire matter may be settled at one time, and a single decree may determine the duty of the debtor to each claimant, and protect the rights and interests of each party. He should include as parties all assignees or claimants to any part of the fund, as well as the assignor, otherwise, his pleading will be defective for want of parties."

*See Louisville and N.R. Co. v. Mack Mfg. Corp.*, 269 S.W. 2d 707; *Hull v. Townsend*, 186 So. 2d 478; *see also* F. James, Civil Procedure, § 9.5, pp. 389-390 (1965).

In *Underwood v. Otwell*, 269 N.C. 571, 153 S.E. 2d 40 (1967), this Court held that where a bill or note is made payable to several persons, or is endorsed or assigned to several persons, they are joint holders, and must sue jointly as such. *Morton v. Thornton*, 257 N.C. 259, 125 S.E. 2d 464 (1962), holds that where claims for unpaid wages are assigned to joint assignees, all such assignees must be joined as parties. And in *Smith v. Garey*, 22 N.C. 42 (1836), this Court held that a partial assignee of a claim could not enforce his interest without making the assignor a party. *See also Martin v. Hayes*, 44 N.C. 423 (1853); *Knight v. Wilmington & Manchester R. Co.*, 46 N.C. 357 (1854); and *National Surety Co. v. Board of Education of McDowell County*, 15 F. 2d 993 (4th Cir. 1926).

[3]  There is a single debt in this case, and a single claim. Both the assignor of a partial interest in the debt and defendant-debtors have the right to insist that the entire matter be settled at one time — that the cause of action not be split. *See Louisville and N.R. Co. v. Mack Mfg. Corp., supra.* Defendants, in incurring a single debt, are not required to subject themselves to the possibility of several actions on that debt stemming from its partial assignment. ". . . It is unjust to subject the debtor to a possible horde of claimants, or even to make it necessary for him to defend several suits in case he disputes the validity or the amount of the claim. . . ." 4 Corbin on Contracts, Sec. 889. Furthermore, neither the validity of the assignment, nor the remaining rights and interests of the assignor, Jane Crater Everhart, nor the rights of plaintiffs can be determined or protected unless Jane Crater Everhart is made a party to this suit. Finally, it must be noted here that, although many jurisdictions have held that a contingent fee contract between an attorney and his client in a divorce, alimony or property settlement case is invalid, we do not and cannot reach that question at this time. *See generally* cases cited in 30 A.L.R. 188 and A.L.R. later case service. In the absence of Jane Crater Everhart, the record is not clear as to the nature of the agreement or the nature of the legal services performed in exchange for the contingent fee arrangement. Thus, we hold that the trial court erred in its failure to join Jane Crater Everhart as a necessary party in this lawsuit.

[4]  It does not follow, however, that the action should be dismissed.

Rule 17(a) of the Rules of Civil Procedure provides:

". . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Where, as here, a fatal defect of the parties is disclosed, the court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the court. *Underwood v. Stafford*, 270 N.C. 700, 155 S.E. 2d 211 (1967); *Peel v. Moore*, 244 N.C. 512, 94 S.E. 2d 491. Absence of necessary parties does not merit a nonsuit. Instead, the court should order a continuance so as to provide a reasonable time for them to be brought in and plead. *Plemmons v. Cutshall*, 230 N.C. 595, 55 S.E. 2d 74 (1949). *See* 5 Wright and Miller, Federal Practice and Procedure § 1359, pp. 628, 631. And, where a necessary party to an action will not join with the plaintiffs therein, plaintiffs may have him joined as a party defendant. Rule 19, Rules of Civil Procedure; *Owen v. Hines*, 227 N.C. 236, 41 S.E. 2d 739. Jurisdiction over Jane Crater Everhart, now a nonresident, is obtainable under G.S. 1-75.4(5).

[5] Since we hold that the trial court erred in failing to join Jane as a necessary party, we do not decide whether it was error for the trial judge to overrule Koyt, Jr.'s motion for a stay under the Soldiers and Sailors Relief Act, 50 U.S.C.A. App. § 501. At time of trial Koyt, Jr. was in the U.S. Navy stationed in the Philippines. He moved for a stay, and in support of his motion filed an affidavit, which was uncontradicted, to the effect that he was a material witness for his own defense and the defense of his parents, but that he could not attend trial for military and financial reasons. At trial the trial judge refused to allow defendants to explain to the jury that Koyt, Jr. was out of the country by reason of military service. This was error. Koyt, Jr. executed the note in question and was the one primarily liable thereon. His absence, without explanation of the reason therefor, would in-

dicate that he had little or no interest in his own defense or in the defense of his parents, the guarantors. This was unfair to the defendants. They should have been allowed to state to the jury that his absence was due, at least in part, to his military service.

For the reasons stated, defendants are entitled to a new trial, with Jane Crater Everhart joined as a necessary party as provided by Rule 19 of the Rules of Civil Procedure.

Other assignments of error are not considered since they may not recur at the next trial.

The decision of the Court of Appeals is reversed. The case is remanded to that court with direction that it remand to the Superior Court of Forsyth County for further proceedings in accordance with this opinion.

Reversed and remanded.